of its creation at the time. In Kent's Commentaries (vol. 4, p. 306), the author says, " If a trust be created for the benefit of a third person, without his knowledge, he may, when he has notice of it, affirm the trust, and call upon the court to enforce the performance of it. Collateral securities given by a debtor to his surety are considered as trusts for the better securing of the creditor's debts, and Chancery will see that their intention will be fulfilled." (*Rogers Locomotive Works* v. *Kelly*, 19 Hun, 399 ; *Exp. Waring*, 19 Vesey, 345 ; *Curtis* v. *Tyler*, 9 Paige Ch., 432 ; *Moses* v. *Murgatroyd*, 1 Johns. Ch., 119.) Applying these legal principles to the facts of this case, we are satisfied that a valid trust was created, which inured to the benefit of the plaintiff, and which should be executed in his favor. When the securities were placed in the possession of the bank by Duncan, Sherman & Co., they were beyond recall, as the trust attached, which could only be discharged by the consent of the parties for whose benefit it was created, by the holders of the drafts and checks. We fail to discover any reason founded in equity, upon public policy, or commercial security, which should induce the court to deny to the plaintiff the protection which the justice of his case demands. The judgment should be reversed, and a new trial ordered, with costs to abide the event.

Davis, P. J., and Barrett, J., concurred.

Judgment reversed, new trial ordered ; costs to abide event.

---

MADELINE W. EDLEFSON, Respondent, *v.* JOSEPH W. DURYEE, Appellant.

*Costs—cannot be allowed upon the granting of an ex parte order.*

Costs cannot be allowed upon the granting of an *ex parte* order requiring the defendant to file his answer.

Appeal from an order made June 17, 1880, reinstating an *ex parte* order made June 14, 1880, directing the defendant to file

his answer, within five days, or in default thereof that the said answer be deemed abandoned, and granting $10 costs to the plaintiff.

On or about May 24, 1880, the plaintiff served upon the defendant a notice to file his answer, and on June 14, 1880, upon an affidavit showing that the answer had not been filed, obtained an order *ex parte*, that it be filed within five days, or in default thereof that the said answer be deemed abandoned, and imposing $10 costs on the defendant. On June 16, 1880, the defendant obtained, *ex parte*, a modification of such order so as to strike therefrom the direction as to the $10 costs. On the same day the plaintiff obtained an order to show cause why the order of June 14 should not stand as originally granted herein, and the subsequent order of June 16, modifying the same by striking out the costs, should not be vacated and set aside. The motion came on to be heard and was argued, and the order of June 17, 1880, made, from which the defendant appealed.

*Carlisle Norwood*, for the appellant.

*Ernest T. Fellowes*, for the respondent.

Per Curiam:

The appellant is right in his conclusion. The order to file the answer was *ex parte*, and costs should not have been allowed. (*Browne* v. *Anthony*, 13 How., 301.) Beside, it was a judge's order. (See *Brevoort* v. *Warner*, 8 How., 321.) A party might as well insert motion costs in an order of arrest, or for time to answer.

The order should be reversed, with $10 costs, and the disbursements of the appeal, and the motion to vacate the order of June 16, 1880, denied, without costs.

Present—Davis, P. J., Brady and Barrett, JJ.

Order reversed, with $10 costs and disbursements, and motion denied without costs.